UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY LEE COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:05cv0613 TCM |
| ) | |
| DON ROPER and ) | |
| JEREMIAH (JAY) W. NIXON, ) | |
| Attorney General for the State of ) | |
| Missouri, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

Pending in this 28 U.S.C. § 2254 action is the motion of petitioner, Larry Lee Coleman, for the appointment of counsel and his motion requesting a stay of the proceedings while he exhausts his state remedies in the Missouri Supreme Court. [Docs. 4, 5] In his underlying petition, Petitioner seeks habeas relief from his 95-year sentence, entered after a jury found him guilty of seven felonies. The deadline for Respondent to show cause why habeas relief should not be granted has not yet passed.

Petitioner requests the appointment of counsel on the grounds that he is financially unable to retain counsel and has, despite diligent efforts, been unable to obtain counsel.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings. See **McCall v. Benson**, 114 F.3d 754, 756 (8th Cir. 1997); **Hoggard v. Purkett**, 29 F.3d 469, 471 (8th Cir. 1994). "[I]nstead, [the appointment of counsel] is committed to the discretion of the trial court." **McCall**, 114 F.3d at 756 (alterations added). Where the issues involved can be properly resolved without an evidentiary hearing, the court does not abuse its discretion in denying a request for appointment of counsel. See **Hoggard**, 29 F.3d at 471.

Petitioner's § 2254 petition is articulate and cogent. Moreover, at this stage of the proceedings, the issues raised in that petition appear to be appropriate for resolution without an evidentiary hearing. His motion for appointment of counsel will be denied.

Petitioner also summarily requests a stay of the proceedings he just initiated so he can exhaust state remedies in the Missouri Supreme Court. The United States Supreme Court recently held that a district court has the discretion to stay a § 2254 petition and hold it in abeyance while a petitioner returns to state court to exhaust previously unexhausted claims. **Rhines v. Weber**, 125 S.Ct. 1528, 1534 (2005). "This stay is available[, however,] only in limited circumstances." **Id.** at 1535 (alteration added). Those circumstances include when there is good cause for the petitioner's failure to exhaust his claims first in state court and, if there is good cause, when the claims are not meritless. **Id.**

Petitioner has filed a direct appeal, see **State v. Coleman**, 30 S.W.3d 836 (Mo.Ct.App. 2000), a post-conviction motion, and an appeal from the denial of his motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, see **Coleman v. State**, 130 S.W.3d 721 (Mo.Ct.App. 2004). He alleges in his petition that he has also filed a state court habeas corpus petition pursuant to Missouri Supreme Court Rule 91.

The Missouri Supreme Court has held that habeas corpus may not be used to circumvent time limits for post-conviction motions or to file a successive post-conviction motion. **Brown v. State**, 66 S.W.3d 721, 731 (Mo. 2002) (en banc). It may be used to "assert either [sic]: (1) a claim of actual innocence or (2) a jurisdictional defect or (3) (a) that the procedural default was caused by something external to the defense – that is, a cause for which the defense is not responsible – and (b) prejudice resulted from the underlying error

that worked to his actual and substantial disadvantage." **Id.** The Court notes that Petitioner does not raise any jurisdictional defects in his § 2254 petition.

Thus, it is not clear that a habeas petition in state court would not found to be meritless. Another consideration is that a motion to transfer a case to the Missouri Supreme Court "is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." Mo.S.Ct.R. 83.04.

The Court finds it, therefore, unable to meaningfully evaluate Petitioner's request for a stay. As noted above, a motion to transfer is not necessary and a habeas petition has limited utility. Petitioner will be directed to explicitly state what he pleading is pursuing in the Missouri Supreme Court and the grounds alleged in that pleading.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel is **DENIED**. [Doc. 4]

**IT IS FURTHER ORDERED** that Petitioner is to inform this Court in writing **within twenty days of the date of this Order** what he pleading is pursuing in the Missouri Supreme Court, the grounds alleged in that pleading, and the date the pleading was filed. Failure to respond to this Order will result in the denial of his motion to stay without further consideration.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of May, 2005.