# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY LEE COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:05cv0613 TCM |
| ) | |
| DON ROPER and ) | |
| JEREMIAH (JAY) W. NIXON, ) | |
| Attorney General for the State of ) | |
| Missouri, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This 28 U.S.C. § 2254 action is again before the Court on the motion of petitioner, Larry Lee Coleman, requesting a stay of the proceedings while he exhausts his state remedies in the Missouri Supreme Court. [Doc. 5]

Petitioner has responded to an earlier Order directing him to inform the Court as to what pleading he is pursuing in the Missouri Supreme Court, the grounds alleged in that pleading, and the date the pleading was filed. Petitioner explains in his response that he has filed a motion to transfer with the Missouri Supreme Court in order to comply with the United States Supreme Court's directive in **O'Sullivan v. Boerckel**, 526 U.S. 838 (1999), that all required state remedies be exhausted.

"The O'Sullivan Court stated that prisoners must give the state courts 'one full opportunity to resolve any constitutional issue by invoking one complete round of the state's appellate review process.'" **Randolph v. Kemna**, 276 F.3d 401, 403 (8th Cir. 2002) (quoting O'Sullivan, 526 U.S. at 845). A motion to transfer a case to the Missouri Supreme Court, however, "is an extraordinary remedy that is not part of the standard review process for

purposes of federal habeas corpus review." Mo.S.Ct.R. 83.04.  Consequently, presentation of issues in a motion to transfer is not necessary to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  See **Randolph**, 274 F.3d at 403.  A stay of these proceedings while a motion to transfer is pending is also not necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for stay [Doc. 5] is **DENIED**.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of October, 2005.